ALICE BARTLEY, Appellant, v. GILBERT S. GREENLEAF, SAMUEL T. JONES, AND J. W. PRATT, Administrator of the Estate of George D. Greenleaf, Deceased.

Specific Performance: CONTRACT TO WILL PROPERTY IN CONSIDERATION OF PROMISE TO MARRY: *Performance rendered impossible.* Decedent entered into an oral contract with plaintiff by which they were to be married on a certain date, the plaintiff agreeing to care for him during his life, in consideration of which decedent promised to leave his property to her by will; but, before the date set for the consummation of the marriage, decedent died, without willing his property to plaintiff. *Held,* that specific performance of the agreement could not be enforced, since a part of the consideration was a promise to marry, which could not be performed.

*Appeal from Allamakee District Court.*—HON. L. E. FELLOWS, Judge.

TUESDAY, OCTOBER 9, 1900.

ACTION in equity to enforce the specific performance of a contract. A demurrer to the petition was sustained. Plaintiff appeals.—*Affirmed.*

*D. J. Murphy* and *J. H. Trewin* for appellant.

*Dayton & Dayton* for appellees.

SHERWIN, J.—The petition alleges that the plaintiff and George D. Greenleaf, deceased, entered into an oral contract, by the terms of which they were to be married on or about August 1, 1895, "and the plaintiff was to keep house and care" for him, "nurse him in sickness, and do all things necessary and proper for his comfort, from the time of making said contract, and during the term of his natural life," "and, in consideration for said agreements on the part of the plaintiff, the said Greenleaf was to devise and bequeath to plaintiff all of his property, both real and personal." George D. Greenleaf died May 6, 1895. Plaintiff alleges that she nursed him during his last sickness, and performed other work about the house for his benefit and welfare. She asks a specific performance of the contract as to the property.

As stated in the petition, the contract was a marriage contract, pure and simple. The marriage was never consummated, because of the death of one of the contracting parties. Upon the death of Greenleaf it became null and void. The plaintiff could not recover damages for his failure to perform. The time set for the marriage, as alleged in the petition, was long subsequent to his death. Plaintiff asks the specific performance of the promise on the part of the deceased, when the act of God has rendered performance on her part impossible. If it be held that the allegations of the petition are broad enough to include a consideration in addition to that of marriage, still the marriage must be held to be a part of the consideration, and, under such circumstances, specific performance will not be decreed. The petition did not state a cause of action, and the demurrer thereto was properly sustained.—AFFIRMED.

GRANGER, C. J., not sitting.